UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ROSS,<br><br>              Plaintiff,<br><br>     v.<br><br>S. TORTORICE,<br><br>              Defendant. | Case No.  1:20-cv-01000-BAK (BAM) (PC)<br><br>ORDER GRANTING DEFENDANT'S REQUEST TO OPT OUT OF POST-SCREENING ADR (ECF No. 21)<br><br>ORDER LIFTING STAY OF PROCEEDINGS<br><br>ORDER VACATING MARCH 17, 2022 SETTLEMENT CONFERENCE (ECF No. 20)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME AS MOOT (ECF No. 22)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR CLARIFICATION (ECF No. 23)<br><br>ORDER DIRECTING CLERK OF COURT TO ISSUE DISCOVERY AND SCHEDULING ORDER AND CONSENT/DECLINE FORM |

Plaintiff David Ross ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's second amended complaint against Defendant S. Tortorice ("Defendant") for deliberate indifference to serious medical needs in violation of the Eighth Amendment.

On January 13, 2022, the Court identified this case as an appropriate case for the post-screening ADR (Alternative Dispute Resolution) project, and stayed the action to allow the

parties an opportunity to settle their dispute before the discovery process begins. (ECF No. 20.) The Court's order granted Defendant time to investigate and determine whether to opt out of the post-screening ADR project.

On February 14, 2022, Defendant filed a motion to opt out of the post-screening ADR project. (ECF No. 21.)  Defendant states after investigating Plaintiff's claims, and after conferring with others, defense counsel in good faith finds that a settlement conference in this case would be a waste of resources.  (*Id*.)  After reviewing the motion, the Court finds good cause to grant Defendant's request. Therefore, the stay is lifted, and the March 17, 2022, settlement conference is vacated.

If the parties wish to set a settlement conference with the Court at a later date, they should so inform the Court.  However, the parties are also reminded that they are not precluded from negotiating a settlement without judicial assistance.

Also, on February 14, 2022, Plaintiff sought an extension of time (ECF No. 22) and directed correspondence to the court seeking clarification concerning deadlines in the January 13, 2022, order (ECF No. 23). Because the early settlement conference date is vacated as a result of Defendant's motion to opt out, the deadlines referenced in the January 13, 2022, order no longer apply, making Plaintiff's motion for an extension of time and his motion for clarification moot, or unnecessary.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion to opt out of the post-screening ADR project (ECF No. 21) is GRANTED;
2. The stay of this action (ECF No. 20) is LIFTED;
3. The March 17, 2022, settlement conference is VACATED;
4. Plaintiff's Request for an Extension of Time (ECF No. 22) is moot given Defendant's motion to opt out, and is therefore DENIED;
5. Plaintiff's Motion for Clarification (ECF No. 23) is DENIED;
6. The Clerk of the Court is DIRECTED to issue a discovery and scheduling order and a consent/decline form to Defendants; and

7. The parties may proceed with discovery pursuant to the discovery and scheduling order to be issued by separate order.

IT IS SO ORDERED.

Dated: __**February 15, 2022**__        /s/ *Barbara A. McAuliffe*      _
                                         UNITED STATES MAGISTRATE JUDGE