UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ROSS,<br><br>           Plaintiff,<br><br>    v.<br><br>S. TORTORICE,<br><br>           Defendant. | Case No. 1:20-cv-01000-BAK (BAM) (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL FOR DEPOSITION ONLY (ECF No. 29)** |

Plaintiff David Ross ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's second amended complaint against Defendant S. Tortorice ("Defendant") for deliberate indifference to serious medical needs in violation of the Eighth Amendment.

**I.    INTRODUCTION**

On March 14, 2022, Plaintiff filed "Plaintiff's Request for an Attorney's Representation for the Deposition Only." (ECF No. 29.) Plaintiff declares he has "received 100% assistance from fellow inmates in preparation and prosecution of" his lawsuit and that he is "totally unaware of ANY of the procedures necessary to maintain" the lawsuit. (*Id*. at 2, ¶ 2.) Plaintiff also declares that, due to deteriorating health problems, he will "have extreme difficulty communicating" as his "pain becomes unbearable when even thinking about medical issues." (*Id*. at 2, ¶ 3.) Plaintiff declares he feels he would "be at a great disadvantage at the upcoming Deposition" and "will certainly not be able to make useful responses," suffering "the loss of [his] suit as a direct result

1

of [his] ailing and painful conditions." (*Id.* at 2, ¶ 4.) He asks the Court to recognize his "disadvantage" and to realize Plaintiff would have never made it this far without the assistance of "an inmate with a typewriter." (*Id.*) Plaintiff further declares he is to be transferred to another facility "in the very near future" and will likely "be at a different prison come April 7th" and not having regained "possession of his legalwork" as a result. (*Id.* at 2, ¶ 5.)

## II.     DISCUSSION

Plaintiffs do not have a constitutional right to appointed counsel in § 1983 actions. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997). Nor can the Court require an attorney to represent a party under 28 U.S.C. 1915(e)(1). *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 304-05 (1989). However, in "exceptional circumstances," the Court may request the voluntary assistance of counsel pursuant to § 1915(e)(1). *Rand*, 113 F.3d at 1525.

Given the Court has no reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in extraordinary cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the issues involved." *Rand*, 113 F.3d at 1525.

The Court does not find the required exceptional circumstances in the present case.  Even assuming Plaintiff is not well versed in the law and is benefitting from the assistance of other inmates, and even acknowledging the serious allegations Plaintiff has made, that, if proven, would entitle Plaintiff to relief, his case is not extraordinary.

Specifically, Plaintiff alleges in his second amended complaint that he suffers from chronic pain due to carpal tunnel syndrome, cervical radicular pain, cervical spinal stenosis, chronic neck, back and knee pain, and other ailments, and asserts a claim of deliberate indifference. (ECF No. 13 at 3-8.) However, Plaintiff is advised the Court is faced with numerous, similar cases almost daily. The majority of *pro se* litigants proceeding in this Court are novice in the practice of law. It is likely a number of those litigants also benefit from the assistance of another inmate. But the inability of another inmate to assist Plaintiff at his upcoming deposition does not amount to exceptional circumstances warranting the appointment of counsel.

Nor, despite Plaintiff's declaration asserting a need for assistance due to difficulty communicating because of his pain, has Plaintiff demonstrated he is unable to sufficiently prosecute his case considering the complexity of the legal issues involved. *Rand*, 113 F.3d at 1525. Indeed, the question of severity of Plaintiff's health problems and the pain those problems cause lies at the heart of Plaintiff's substantive claim. Moreover, the appointment of counsel would not serve to allow Plaintiff to avoid answering questions at his forthcoming deposition. Nor would it somehow serve to allow appointed counsel to formulate answers and respond on Plaintiff's behalf to questions posed at his forthcoming deposition.

In addition, at this stage of the proceedings, the Court cannot determine whether Plaintiff is likely to succeed on the merits. *Rand*, 113 F.3d at 1525. In fact, the discovery currently being conducted by the parties, pursuant to the February 2022 Discovery and Scheduling Order (ECF No. 25), is designed to aid the parties in exploring Plaintiff's claim.

Plaintiff's contention concerning an impending facility transfer and the accompanying loss of legal paperwork is speculative and does not change the Court's analysis.

In sum, the Court finds there are no exceptional circumstances that warrant the appointment of counsel at this time.

### III.   CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion to appoint counsel for the purpose of his forthcoming deposition is DENIED.

IT IS SO ORDERED.

Dated:   **March 23, 2022**            /s/ Barbara A. McAuliffe            
                                        UNITED STATES MAGISTRATE JUDGE